IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTHEA JOHNSON, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:14-CV-1794-M-BH |
| § | |
| CITIMORTGAGE, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court is *CitiMortgage, Inc.'s Motion to Dismiss and Brief in Support*, filed May 16, 2014 (doc. 3). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

This case involves the attempted foreclosure of the property located at 12919 Woodbend Lane, Dallas, Texas 75243 (the Property). On May 5, 2014, Althea Johnson (Plaintiff) filed this action in state court against CitiMortgage, Inc. (Defendant). (*See* doc. 1-3.)[1] On May 6, 2014, the state court issued a temporary restraining order preventing Defendant from foreclosing on the Property. (doc. 1-3 at 29.) On May 16, 2014, Defendant removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

On August 25, 1998, Plaintiff executed a promissory note payable to the order of Irwin Mortgage Corporation in the original principal amount of $83,457,00, as well as a deed of trust securing payment of the note. (doc. 4 at 3, 6.) On behalf of Defendant, the law firm of Buckley

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Madole, P.C., sent Plaintiff a notice of default as well as a notice of acceleration and trustee's sale on February 14, 2014 and March 31, 2014, respectively. *(Id.* at 14-16.) Plaintiff's complaint alleges she is the current owner of the Property, and Defendant is the current mortgagee and mortgage servicer for the loan. (doc. 1-3 at 5.) It contends that on or about March 13, 2014, by and through the appointed substitute trustee, Defendant "list[ed]" the property for a May 6, 2014 foreclosure sale by "issu[ing]" a notice of trustee's sale. (*Id.*) Prior to receiving the notice, Plaintiff spoke to Defendant's representative on several occasions regarding her options to avoid a foreclosure sale, including a "proposed sale" of the Property. (*Id.*) Defendant allegedly told her that it would consider a proposed sale of the Property in lieu of pursuing foreclosure. (*Id.*) Plaintiff claims that as a result, she obtained a broker, listed the Property for sale, and eventually obtained an actual contract for sale of the Property. (*Id.*)

Plaintiff's complaint also alleges that she provided Defendant with a hardship letter regarding "her circumstances related to her mortgage," which notified it that she obtained a licensed broker to list the Property for sale, and which requested that it postpone the foreclosure sale to review her proposed sale of the Property. (*Id.*) It contends that she again spoke to Defendant's representative notifying her that she obtained an actual contract for sale of the Property. (*Id.* at 5-6.) Despite assurances from Defendant that it would consider the proposed sale in lieu of pursing a foreclosure sale, however, Defendant failed to withdraw the sale or to notify her that it intended to postpone the foreclosure sale in order to give her time to finalize the proposed short sale. (*Id.* at 6.) Plaintiff claims that the scheduled foreclosure sale of the Property threatens to deprive her of her interest in the Property, and it will subject her to irreparable financial harm if it is not enjoined. (*Id.*)

Plaintiff's complaint asserts a claim for breach of contract. (*Id.* at 6-7.) She seeks specific

performance of Defendant's alleged oral agreement to review her proposed sale of the Property and cancel the foreclosure sale, injunctive relief restraining Defendant from foreclosing on the Property, attorney's fees, and court costs. (*Id*. at 7-9)

On May 16, 2014, Defendant moved to dismiss the complaint for failure to state a claim. (doc. 3.)  Plaintiff failed to file a response.

## II.   RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 4.)

### A.   **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that

3

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

4

Plaintiff attaches to her complaint copies of a one to four residential contract and a letter dated April 25, 2014, presumably to Defendant, informing it that she retained a real estate broker to sell the Property and avoid a foreclosure sale. (doc. 1-3 at 15, 24.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Defendant attaches to its motion copies of the note, deed of trust, a notice of default, and a notice of acceleration and notice of trustee's sale. (doc. 4 at 3-16.) The complaint generally refers to and/or incorporates these documents, and they are therefore considered part of the pleadings. Additionally, the deed of trust is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"). Because the documents attached to Defendant's motion to dismiss are part of the pleadings or subject to judicial notice, they may be considered without conversion of its motion into a motion for summary judgment. *See Norris*, 500 F.3d at 461 n.9.

**B.    Breach of Contract**

Defendant moves to dismiss Plaintiff's claim for breach of contract on the grounds that enforcement of an oral agreement is barred by the statute of frauds. (doc. 3 at 5.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The Texas statute of frauds provides that a loan agreement that exceeds $50,000 in value is not enforceable unless it "is in writing and signed

by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code Ann. § 26.02(b). Section 26.02(b) "makes unenforceable oral modifications to a loan agreement ... unless they fall within an exception to the statute of frauds or do not 'materially alter the obligations imposed by the original contract.'" *Kiper*, 884 F. Supp. 2d at 571 (citation omitted).

Courts have held that an agreement to modify an existing loan must comply with the statute of frauds. *Enis v. Bank of America, N.A.,* No. 3:12-CV-0295-D, 2012 WL 4741073, at *3(N.D. Tex. Oct. 3, 2012); *see also Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012). Agreements to modify lending terms, such as the interest rate, the amounts of installments, security rights, and the remaining balance of the loan have been held to be material modifications that must be in writing. *See Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984); *see also Edward Scharf Associates, Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. Civ. App.—Waco, 1976, no writ.). Any oral agreement to delay foreclosure is a material alteration of the deed of trust because an agreement to delay repayment falls under the statute of frauds. *See Perales v. Wells Fargo, N.A.*, No. SA-12-cv-00515, 2013 WL 3456998, at *4 (W.D. Tex. July 9, 2013); Tex. Bus. & Com. Code 26.02(a)(2)("'Loan agreement' means one or more ... agreements ... pursuant to which a financial institution loans or delays repayments of or agrees to loan or *delay repayment* of money, goods, or another thing of value.")(*emphasis added*). "Both state and federal courts in Texas have held that an agreement to delay foreclosure is subject to the Texas statute of frauds and, accordingly, must be in writing to be enforceable." *Perales*, 2013 WL 3456998, at *4)(citing cases).

Here, Plaintiff alleges that a contractual relationship arose between her and Defendant when it verbally agreed that it would not proceed with a foreclosure sale of the Property until it reviewed

6

and made a determination regarding her proposed sale of the Property. (doc. 1-3 at 6.) She contends that despite its agreement to review the proposed sale prior to proceeding with foreclosure, Defendant breached the contract by failing to respond to her multiple requests to cancel the foreclosure sale. (*Id*. at 7.) Plaintiff claims she suffered damages, including the threatened loss of her home, the loss of the benefit of the proposed sale, and the threatened damage to her credit. (*Id*.) She therefore seeks specific performance of Defendant's oral agreement to review her proposed sale and to cancel the foreclosure sale as well as attorney's fees. (*Id*.)

Plaintiff alleges no facts to show that either her mortgage or the amount to be modified was less than $50,000.[2] Because the alleged oral agreement to delay the foreclosure until Defendant reviewed the proposed sale of the Property was never reduced to writing, her claim for breach of the agreement is barred by the statute of frauds. *See Perales*, 2013 WL 3456998, at *4 (finding that because the alleged agreement to delay foreclosure of the subject property was never reduced to writing, it was unenforceable); *Sledge v. JP Morgan Chase Bank, N.A.*, No. 13-cv-797, 201 WL 51169, at *3 (W.D. Tex. Jan. 7, 2014)(finding the statute of fraud bars enforcement of the defendant's alleged oral promise to delay foreclosure). She has failed to state a plausible contract claim, and Defendant's motion to dismiss this claim should be granted.[3]

## C. **Injunctive Relief**

Defendant also seeks dismissal of Plaintiff's request for injunctive relief because it depends on the success of her breach of contract claim, which does not state a claim for relief. (doc. 3 at 6.)

---

[2]The note shows that Plaintiff borrowed $83,457.00 from Defendant's predecessor. (*See* doc. 4 at 3.) In the complaint, Plaintiff does not allege that at any time relevant to her claims, the principal on her loan was less than $50,000. (*See* doc. 1-3.)

[3]Defendant also moves to dismiss Plaintiff's breach of contract claim on grounds that she provided no consideration for the alleged agreement. (doc. 3 at 5.) Because Plaintiff's claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

7

"To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Because Plaintiff's breach of contract claim is subject to dismissal on the merits, she cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Accordingly, her request for injunctive relief should be denied, and Defendant's motion to dismiss the request should be granted.

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

In this case, it is proper to dismiss Plaintiff's claims with prejudice without according her an opportunity to amend because she failed to respond to the motion to dismiss and has had ample

8

opportunity to amend her complaint.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all Plaintiff's claims against it should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 31st day of December, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE